**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6969**

YAHYI ABDUL SHIHEED,

Plaintiff - Appellant,

v.

JENIFER HARDING, Correctional Officer,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:18-cv-01906-GLR)

Submitted:  January 22, 2020                    Decided:  February 12, 2020

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Yahyi Abdul Shiheed, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yahyi Abdul Shiheed, a Maryland inmate, brought this action pursuant to 42 U.S.C. § 1983 (2018), claiming, among other things, that Defendant Jenifer Harding, a correctional officer, used excessive force in violation of the Eighth Amendment when she sprayed him with pepper spray. Shiheed now appeals the district court's order granting Harding's motion for summary judgment.[1] We affirm.

According to Shiheed, on April 22, 2018, he was asking the nurse a medical question while trying to get his medication when Harding, the nurse's escort, suddenly swore at him and tried to shut his hand and arm in the slot in his cell door. When Shiheed attempted to push the slot open, Harding sprayed him with a chemical agent. In her motion for summary judgment, Harding admits to using pepper spray, but she claims it was in response to Shiheed attempting to assault her through the slot in his cell door. Harding's motion also included reports from the nurse who evaluated Shiheed after the incident and the officer who investigated the incident. The nurse declared that Shiheed denied having any injuries, and the investigating officer noted that Shiheed refused a decontamination shower.

Harding also provided soundless video footage of the incident. The video shows a nurse and Harding approach Shiheed's cell door, open the slot in the door, and hand Shiheed what is presumably his medication. Harding then tries to close the slot, but she is

---

[1] The district court dismissed Shiheed's remaining claims—including threats, retaliation, and mail tampering—for failure to exhaust administrative remedies. Shiheed does not challenge this dismissal in his informal brief and, thus, has waived these claims on appeal. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

unable to, apparently because Shiheed is resisting. It is unclear if Shiheed is attempting to grab Harding or just holding the slot open. Harding steps back from the slot, removes the pepper spray cannister from her belt, appears to speak to Shiheed for a couple of seconds, and then administers a quick burst of pepper spray in the direction of Shiheed's hands and arms. When Shiheed does not stop holding the slot open, Harding turns to walk away. Shiheed then throws a milk carton at Harding through the open slot, striking her in the shoulder. In response, Harding moves toward Shiheed, but she steps away again when Shiheed tries to grab her. Shiheed then extends what appears to be a long, white pole out of the slot and strikes Harding on the shoulder with it.[2] At that point, Harding leaves the area to get help, and other officers approach Shiheed's cell and eventually escort him away.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To withstand a summary judgment motion, the nonmoving party must produce more than "[c]onclusory or speculative allegations" or "a mere scintilla of evidence." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

---

[2] Harding claimed it was a 30-inch stack of milk cartons inside of a sock.

3

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. *Hill v. Crum*, 727 F.3d 312, 317 (4th Cir. 2013). "An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." *Id.* We agree with the district court that Shiheed satisfied the objective component when he alleged that Harding used pepper spray against him without justification. *See Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (recognizing use of chemical agents "in quantities greater than necessary or for the sole purpose of infliction of pain" as Eighth Amendment violation).

The subjective component is a more demanding standard. *Brooks*, 924 F.3d at 112. "[T]he state of mind required is wantonness in the infliction of pain," which "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 112-13 (ellipses and internal quotation marks omitted). Correctional officers do not have to be under physical attack to justify the use of force; they can also use appropriate force "to preserve internal order by compelling compliance with prison rules and procedures." *Id.* at 113 (internal quotation marks omitted). "And we owe officers wide-ranging deference in their determinations that force is required to induce compliance with policies important to institutional security." *Id.* (internal quotation marks omitted).

We apply a non-exclusive, four-factor test to evaluate whether officers acted maliciously or wantonly, considering:

(1) the need for the application of force;
(2) the relationship between the need and the amount of force that was used;
(3) the extent of any reasonably perceived threat that the application of force was intended to quell; and
(4) any efforts made to temper the severity of a forceful response.

*Thompson v. Virginia*, 878 F.3d 89, 99 (4th Cir. 2017) (quoting *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008)). The analysis of these factors is intended to "determine whether punitive intent behind a defendant's use of force may be inferred because the force is not reasonably related to a legitimate nonpunitive governmental objective or could not plausibly have been thought necessary by the officers." *Brooks*, 924 F.3d at 116 (brackets, citations, and internal quotation marks omitted).

After analyzing the relevant factors, we conclude that the district court properly determined that, viewing the evidence in the light most favorable to Shiheed, no reasonable jury could find that Harding acted maliciously or wantonly. It is clear from the video that Shiheed was preventing Harding from closing the slot in his cell door and that leaving the slot open posed a potential threat. It is equally clear that Harding's use of force was minimal. Harding applied one very quick burst of pepper spray, aimed only at Shiheed's hands and arms. After the incident, Shiheed was offered prompt medical assistance, but he declined a decontamination shower and reported that he had no injuries. Even on appeal, Shiheed does not claim to have been injured in the incident. *See Williams*, 77 F.3d at 762 ("The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis."). Based on the totality of the circumstances, we conclude that the evidence does not support a reliable inference that Harding acted maliciously and sadistically for the purpose of causing harm. *See Brooks*, 924 F.3d at 113;

5

*Whitley v. Albers*, 475 U.S. 312, 322 (1986) ("Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . , the case should not go to the jury.").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*